**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| **In re** | |
| **COREY KUPERSMITH,** | Case No. 12-52303 (JAM) |
| Debtor. | Chapter 7 |
| | |
| **WILLIAM K. HARRINGTON,** | Adv. Proc. 18-5015 (JAM) |
| United States Trustee for Region 2, | |
| Plaintiff, | |
| v. | |
| **COREY KUPERSMITH,** | |
| Defendant. | |

**PLAINTIFF UNITED STATES TRUSTEE'S OBJECTION TO DEFENDANT/DEBTOR'S MOTION FOR EMERGENCY MOTION FOR LEAVE TO FILE LATE OBJECTION TO SUMMARY JUDGMENT**

William K. Harrington, the United States Trustee for Region 2 and the plaintiff in the above captioned adversary proceeding (the "Plaintiff UST"), through counsel, objects as set forth herein to the motion of defendant/debtor Corey Kupersmith (the "Defendant/Debtor") seeking a permission to file a late objection to the Plaintiff UST's November 9, 2018 motion for summary judgment (ECF 35) (the "Emergency Extension Motion"). In support of this objection, the Plaintiff UST respectfully states as follows:

1. On March 22, 2018, the Plaintiff UST commenced this Adversary Proceeding by filing a complaint (the "Complaint") seeking revocation and denial of the Defendant/Debtor's discharge under 11 U.S.C. §§ 727(d)(2), (a)(2)(A), and (a)(4)(A).

2.  The Defendant/Debtor was properly served with the Complaint and related summons as evidenced by the return of service filed by the Plaintiff UST on March 29, 2018. ECF 3.

3.  On May 3, 2018, the Defendant/Debtor filed the Answer. ECF 5. The Defendant/Debtor is proceeding *pro se* in this adversary proceeding.

4.  The Defendant/Debtor's Answer failed to comply with his obligations pursuant to Fed. R. Civ. P. 8(b), made applicable to this proceeding pursuant to Fed. R. Bankr. P. 7008, and, as such, on May 9, 2018, the Plaintiff UST moved to require the Defendant/Debtor to admit or deny the averments against the Defendant/Debtor in the Complaint ("Motion for More Definite Statement"). ECF 6.

5.  On May 30, 2018, the Defendant/Debtor filed an objection to the Motion for More Definite Statement. ECF 7.

6.  On June 6, 2018, the Court granted the Motion for More Definite Statement and gave the Defendant/Debtor until June 27, 2018 to file an appropriate answer to the Complaint. ECF 9.

7.  On June 26, 2018, the Defendant/Debtor filed a new answer to the Complaint ("Amended Answer"). ECF 12.

8.  In his Amended Answer, the Defendant/Debtor admitted the allegations contained in paragraphs 7, 8, 9, 13, 14, 15, 16, 17, 18, 19, 32, 33, 34, 38, 39, 40, 43 of the Complaint. *See* ECF 12.

9.  On November 9, 2018, the Plaintiff UST filed a motion for summary judgment on all counts of the Complaint pursuant to Fed. R. Bankr. P. 7056, Fed. R. Civ. P. 56, D. Conn. L. Civ. R. 56, and L. Bankr. R. 7056-1 ("UST Summary Judgment Motion"). ECF 16 and 17.

### *First Extension Request*

10. By motion docketed on November 30, 2018, the Defendant/Debtor requested an extension of time to January 11, 2019 to respond to the UST Summary Judgment Motion ("First Extension Motion"). ECF 22. The First Extension Motion cited health issues and the size of the UST Summary Judgment Motion as reasons for the requested additional time. *Id.*

11. The Plaintiff UST did not object to the First Extension Motion.

12. By order dated December 28, 2018, the Court granted the First Extension Motion and extended the Defendant/Debtor's time to respond to the UST Summary Judgment Motion to January 11, 2019. ECF 23.

### *Second Extension Request*

13. On January 11, 2019, the Court docketed the Defendant/Debtor's second motion for an extension of time to February 15, 2019 to respond to the UST Summary Judgment Motion ("Second Extension Motion"). ECF 26. The Second Extension Motion sought further extension until February 15, 2019 to respond to the UST Summary Judgment Motion. *Id.* The Second Extension Motion was substantially similar to the First Extension Motion in that it cited health issues and the size of the UST Summary Judgment Motion as reasons for the requested additional time. *Id.*

14. On January 30, 2019, the Plaintiff UST filed a limited objection to the Second Extension Motion indicating that the Plaintiff UST did not oppose an extension until February 15, 2019 so long as such extension was the last and final extension of time ("UST Objection"). ECF 27. The UST Objection raised the facts that the Defendant/Debtor's original deadline to respond to the UST Summary Judgment Motion was December 5, 2018 (allowing two extra days for the holidays of Veteran's Day and Thanksgiving) and an extension of time to February 15, 2019 would give the Defendant/Debtor an additional 72 days <u>after</u> December 5, 2018 to respond

to the UST Summary Judgment Motion.

15.     The UST First Objection also pointed out that, in terms of the Defendant/Debtor's ability and time to respond to the UST Summary Judgment Motion, the following facts: (a) the Defendant/Debtor was present in Court on January 29, 2019 on a related adversary proceeding (Adv. Proc. 17-5014) and personally addressed the Court at length in that hearing in support of his written objection filed on December 18, 2018 (ECF 74 in Adv. Proc. 17-5014), and (b) during the month of January 2019, the Defendant/Debtor has been actively participating in an adversary proceeding during known as *Kupersmith v. McCutcheon*, Adv. Proc. No. 17-7025 (JTL) ("Kupersmith/McCutcheon Adversary"), pending in the United States Bankruptcy Court for the Middle District of Georgia, Valdosta Division as part of the chapter 13 bankruptcy case of *In re David B. McCutcheon*, Case No. 16-70733 (JTL) where the Defendant/Debtor prepared and signed a sixteen (16) page affidavit on January 14, 2019 in opposition to the defendant David McCutcheon's motion for summary judgment. *See* Exhibit to ECF 27.

16.     By order dated February 1, 2019, the Court granted the Second Extension Motion and extended the Defendant/Debtor's time to respond to the UST Summary Judgment Motion to February 15, 2019 ("Order"). ECF 28. The Order states that the extension granted was the ***final*** extension. *Id.*

### Third Extension Request

17.     On February 15, 2019 at 6:35 pm, the Defendant/Debtor filed his third motion for an extension of time seeking an additional 30 days to respond to the UST Summary Judgment Motion ("Third Extension Motion"). ECF 30. The Third Extension Motion is similar to the First Extension Motion and the Second Extension Motion in that it cites health issues and the size of the UST Summary Judgment Motion as reasons for the requested additional time. *Id.* The Third Extension Motion also notes the time and effort spent by the Defendant/Debtor participating in

the Kupersmith/McCutcheon Adversary which he describes as "two months of solid, 7 day week preparation for a court hearing in Georgia." *Id.* Lastly, the Defendant/Debtor seeks time to get an attorney. *Id.*

18. On February 20, 2019, the Plaintiff UST filed an objection to the Third Extension Motion (ECF 31) citing the following reasons:

    a. The Court's Order specifically provided that the Defendant/Debtor's extension to February 15, 2019 was the **final** extension. ECF 28. The Defendant/Debtor is not entitled to another extension and the Third Extension Motion completely ignores this fact.

    b. The Third Extension Motion was filed late. It was filed at 6:35 pm on February 15, 2019. Filing the Third Extension Motion after hours on the day of the deadline fails to comply with D. Conn. L. Civ. R. 7(b) and with Local Bankr. R. 7007-1 in that it was filed less than three days prior to the expiration of the deadline and without any good cause. The reference in the Third Extension Motion to the Defendant/Debtor's alleged phone call to the undersigned on February 15, 2019 and to the closure of the UST office on February 15, 2019 is not accurate. The UST office was open on February 15, 2019, the undersigned was in the office all day, and no phone message was left for the undersigned.

    c. A further extension is not warranted:

        i. The Defendant/Debtor had an extension of time to February 15, 2019 and this gave him an additional 72 days <u>after</u> the original deadline of December 5, 2018 to respond to the UST Summary Judgment Motion. Such a period of time was more than sufficient

        to respond.

    ii. The Defendant/Debtor's alleged health issues have been routinely invoked before this Court yet the Defendant/Debtor has refused to cooperate with turning over medical records and has been healthy enough to participate in the Kupersmith/McCutcheon Adversary as discussed in the Third Extension Motion. *See also Chorches v. Kupersmith*, Adv. Proc. 17-5014 at ECF 73, 74, 82, and 83.

    iii. Lastly, seeking time to now obtain counsel after having been *pro se* during this entire adversary proceeding and after having been given just shy of 100 days to respond to the UST Summary Judgment Motion is an effort to further delay this case.[1] The Defendant/Debtor's dilatory conduct should not be condoned.

19. On February 21, 2019, the Court issued an order denying the Third Extension Motion via a docket entry which notes that the Order granting the second extension was a final extension ("Denial Order"). ECF 32.

### *Emergency Extension Motion*

20. On March 7, 2019 at 4:59 pm, fourteen (14) days after the Denial Order, the Defendant/Debtor filed the Emergency Extension Motion seeking a permission to file a late objection to the UST Summary Judgment Motion.[2] ECF 35. No specific time frame for filing a late objection was requested in the Emergency Extension Motion. *Id.*

21. Although not titled as such, the Emergency Extension Motion is functionally a motion for reconsideration of the Denial Order in that it seeks additional time to file an objection

---

[1] The allegations made by the Defendant/Debtor about the conduct of others as to the reason why Attorney Plotkin does not serve as his counsel in this adversary proceeding are baseless, unsubstantiated, and do not merit a detailed response.

[2] The Defendant/Debtor also filed a notice of appeal of the Denial Order. ECF 36.

to the UST Summary Judgment Motion. The Emergency Extension Motion, however, does not meet the standard required of a Rule 9024 motion for reconsideration and should be denied.

22. A motion for reconsideration may be granted in three scenarios: 1) where there has been an "intervening change of controlling law," (2) where new evidence has become available, or (3) where there is a need to "correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). A motion to reconsider should not be granted "where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

23. The Emergency Extension Motion is another attempt to obtain additional time to file a response to the UST Summary Judgment Motion. The Court has already spoken on this issue and determined that the Defendant/Debtor is not entitled to additional time. The Emergency Extension Motion does not cite any intervening change of controlling law, it does not present new evidence not previously available, and it does not demonstrate that there is a need to correct the prior ruling or prevent manifest injustice. The Emergency Extension Motion does not meet the standard required of a Rule 9024 motion for reconsideration and should be denied.

**WHEREFORE**, for all of the foregoing reasons, the Plaintiff UST requests that the Court deny the Emergency Extension Motion.

Dated: March 15, 2019  
      New Haven, CT

Respectfully submitted,  
WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE FOR REGION 2

By: /s/ Holley L. Claiborn  
Holley L. Claiborn ct 17216  
Trial Attorney  
Office of the United States Trustee  
Giaimo Federal Building  
150 Court Street, Room 302  
New Haven, CT 06510-7016  
(203) 773-2210

## CERTIFICATE OF SERVICE

This certifies that a copy of the foregoing United States Trustee's Objection To Defendant/Debtor's Emergency Motion For Leave To File Late Objection To Summary Judgment was served on the Defendant/Debtor Corey Kupersmith via First Class U.S. Mail on March 15, 2019 at the address below:

    Corey Kupersmith
    41B Byram Terrace Drive
    Greenwich, CT 06831

                      By:  /s/ Holley L. Claiborn
                            Holley L. Claiborn ct 17216