UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re<br>COREY KUPERSMITH,<br>    *Appellant*,<br><br>v.<br><br>UNITED STATES TRUSTEE,<br>    *Appellee*. | No. 3:19-cv-390 (VAB) |

**RULING AND ORDER ON MOTION TO DISMISS**
**AND MOTION TO PROCEED *IN FORMA PAUPERIS***

Corey Kupersmith ("Appellant") brings this appeal, *pro se*, from the United States Bankruptcy Court for the District of Connecticut ("Bankruptcy Court") under 28 U.S.C. § 158(a)(1) and Rules 8001, 8002(b)(1), and 8003 of the Federal Rules of Bankruptcy Procedure. Notice of Appeal, ECF No. 1 (Mar. 13, 2019). Mr. Kupersmith appeals "from the final ruling of the [Bankruptcy] Court and the fact that [his] Attorneys have been removed from [his] case under threat and attack." *Id.* William K. Harrington, the United States Trustee for Region 2 ("Appellee" or "U.S. Trustee") has moved to dismiss the appeal. Mot. to Dismiss Bankr. Appeal, ECF No. 6 (Apr. 16, 2019) ("Mot. to Dismiss").

The Bankruptcy Court has also referred Mr. Kupersmith's motion for leave to proceed *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 8 (Dec. 23, 2019).

For the following reasons, the motion to dismiss is **GRANTED**, and the motion for leave to proceed *in forma pauperis* is **DENIED** as moot**.**

1

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

On December 29, 2012, Mr. Kupersmith filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, and on November 19, 2014, his case was converted to chapter 7. *See generally In re Corey Kupersmith*, Bankr. Case No. 12-52303 (JAM) (Bankr. D. Conn.).

On February 18, 2015, Mr. Kupersmith received a chapter 7 discharge of debts. *Id.*, ECF No. 362 (Feb. 15, 2015).

On March 22, 2018, the U.S. Trustee filed a complaint ("Discharge Complaint") seeking to revoke and deny Mr. Kupersmith's bankruptcy discharge, which initiated the adversary proceeding *United States Trustee v. Corey Kupersmith*, Adversary Proceeding No. 18-5015 (JAM) ("AP-Kupersmith"). The Discharge Complaint asserts causes of action under 11 U.S.C. §§ 727(d)(2), (a)(2), and (a)(4)(A), based on Mr. Kupersmith's alleged unauthorized receipt and concealment of bankruptcy estate assets and false oaths. AP-Kupersmith, Compl., ECF No. 1 (Mar. 22, 2018).

On May 3, 2018, Mr. Kupersmith filed an answer, AP-Kupersmith, Answer, ECF No. 5 (May 3, 2018); and on June 26, 2018, a subsequent answer following the Bankruptcy Court's order to file a more definite answer, AP-Kupersmith, Am. Answer, ECF No. 12 (June 26, 2018).

On November 9, 2018, the U.S. Trustee moved for summary judgment on all counts of the Discharge Complaint. AP-Kupersmith, Docket Entries, ECF Nos. 16-17 (containing the motion, memorandum of law, statement of material facts, and twenty-two exhibits) (Nov. 9, 2018).

Mr. Kupersmith subsequently moved for and obtained two extensions of time to respond to the motion for summary judgment. AP-Kupersmith, Docket Entries, ECF Nos. 22-23, 26-27. The second order allowed Mr. Kupersmith until February 15, 2019, and stated: "This will be the

final extension for the Defendant to respond to the Motion for Summary Judgment." AP-Kupersmith, Order, ECF No. 28 (Feb. 1, 2019).

On February 15, 2019, Mr. Kupersmith sought another extension for time ("Third Motion"), AP-Kupersmith, Third Mot. to Extend Time, ECF No. 30 (Feb. 15, 2019), and the U.S. Trustee objected, AP-Kupersmith, Obj., ECF No. 31 (Feb. 20, 2019).

On February 21, 2019, the Bankruptcy Court denied Mr. Kupersmith's Third Motion. AP-Kupersmith, Order, ECF No. 32 (Feb. 21, 2019).

On March 7, 2019, Mr. Kupersmith filed an emergency motion for leave to file a late objection to summary judgment, AP-Kupersmith, Emergency Mot., ECF No. 35 (Mar. 7, 2019); and appealed the Bankruptcy Court's denial of his Third Motion to this Court, AP-Kupersmith, Notice of Appeal, ECF No. 36 (Mar. 7, 2019).

On March 8, 2019, Mr. Kupersmith filed a motion for leave to proceed *in forma pauperis* ("IFP Motion") on appeal in this Court, AP-Kupersmith, Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 37 (Mar. 8, 2019), which the Bankruptcy Court later referred to this Court on

On March 15, 2019, the Bankruptcy Court denied his emergency motion:

> The Movant requested and received three extensions of time to respond to the Motion for Summary Judgment. The third extension of time to February 15, 2019, was ordered to be the final extension of time to respond to the Motion for Summary Judgment and the Movant has not shown cause why he failed to comply with the prior order of this Court.

AP-Kupersmith, Order, ECF No. 41 (Mar. 15, 2019).

On April 16, 2019, the U.S. Trustee moved to dismiss Mr. Kupersmith's appeal in this Court. Mot. to Dismiss.

On December 23, 2019, the Bankruptcy Court referred Mr. Kupersmith's IFP Motion to this Court. *See* IFP Mot., ECF No. 9 (Dec. 23, 2019).

3

Mr. Kupersmith did not file any other documents from his adversary proceeding in the Bankruptcy Court with this Court. Docket Entry, ECF No. 7 (Apr. 23, 2019) (indicating that Appellant's Designation or Agreed Statement was due by March 21, 2019).

Furthermore, Mr. Kupersmith's adversary proceeding in the Bankruptcy Court remains unresolved, with the U.S. Trustee's motion for summary judgment still pending there.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 158(a)(1), United States district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees" from United States bankruptcy courts, as well as certain interlocutory orders taken with leave of the court. 28 U.S.C. § 158(a). "[I]n bankruptcy appeals, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo." *In re Charter Commc'ns, Inc.*, 691 F.3d 476, 482-83 (2d Cir. 2012), *cert. denied*, 133 S.Ct. 2021 (2013); *see also Papadopoulos v. Gazes*, No. 14-CIV-3713 (KPF), 2014 WL 3928940, at *4 (S.D.N.Y. Aug. 12, 2014) ("In general, a district court reviews a Bankruptcy Court's findings of fact for clear error and its conclusions of law de novo." (internal quotation marks omitted)).

Rules 8003 and 8004 of the Federal Rules of Bankruptcy govern how an individual may appeal a judgment, order, or decree of a bankruptcy court to a district court. Fed. R. Bankr. P. 8003, 8004. Rule 8003 governs appeals of right, and states that the notice of appeal must "be accompanied[, *inter alia*] by the judgment, order, or decree, or the part of it, being appealed." Fed. R. Bankr. P. 8003(a)(3). Rule 8004 governs appeals of an interlocutory order or decree, and states that the motion for leave to appeal must include "the facts necessary to understand the question presented;" "the question itself;" "the relief sought;" "the reasons why leave to appeal

should be granted;" and "a copy of the interlocutory order or decree and any related opinion or memorandum." Fed. R. Bankr. P. 8004(b)(1).

In addition, if an appellant timely files a notice of appeal but does not include a motion for leave to appeal, the district court may either order the appellant to file a motion for leave or "treat the notice as a motion for leave and either grant or deny it." Fed. R. Bankr. P. 8004(d).

A court must liberally construe any *pro se* filing to raise the "strongest arguments it suggests." *See Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006); *see also Sykes v. Bank of Am.,* 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman,* 470 F.3d at 474).

### III. DISCUSSION

The U.S. Trustee argues that Mr. Kupersmith's bankruptcy appeal should be dismissed for two main reasons: (1) lack of jurisdiction; and (2) lack of prosecution. Mot. to Dismiss at 6.

First, the U.S. Trustee argues that the appeal is an inappropriate interlocutory appeal. *Id.* at 6-12. The U.S. Trustee emphasizes that "[t]rial courts have broad discretion to grant or deny a motion for a continuance." *Id.* at 11 (internal citations and quotation marks omitted).

The Court agrees.

"[O]rders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *Bullard v. Blue Hills Bank*, 135 S.Ct. 1686, 1692 (2015). "The disposition of a discrete dispute is generally considered to be the resolution of an adversary proceeding within the bankruptcy action." *In re Chateaugay Corp.*, 922 F.2d 86, 90 (2d Cir. 1990). "[O]nly plan confirmation—or case dismissal— . . . fixes the rights and obligations of the parties . . . [because then the] terms become binding on debtor and creditor alike." *Bullard*, 135 S.Ct. at 1692.

Mr. Kupersmith's appeal is not of right, but interlocutory, because it does not appeal a

final judgment, order, or decree. Even though he has not obtained leave to file this appeal, the Court nevertheless decides to treat his notice of appeal as a motion for leave. *See* Fed. R. Bankr. P. 8004(d) (A "district court . . . may order the appellant to file a motion for leave, or treat the notice as a motion for leave and either grant or deny it.").

"[I]n order for an interlocutory appeal from the bankruptcy court to present an appropriate issue for this Court's consideration, "(a) the appeal must concern a question 'of law,' (b) that question must be one that is 'controlling,' and (c) that controlling question of law must be one 'as to which there is substantial ground for difference of opinion.'" *Traversa v. Educ.n Credit Mgmt. Corp.*, 386 B.R. 386, 389 (D. Conn. 2008) (quoting *Casey v. Long Island R.R.*, 406 F.3d 142, 146 (2d Cir. 2005)).

Here, the issue on appeal is the Bankruptcy Court's denial of Mr. Kupersmith's third motion for an extension of time to respond to the motion for summary judgment, which does not concern a question of law. Even if it did concern a question of law, trial courts have "broad discretion to grant or deny a motion for a continuance." *See United States v. Cusack*, 229 F.3d 344, 349 (2d Cir. 2000) (citing *United States v. Pascarella*, 84 F.3d 61, 68 (2d Cir. 1996)). In fact, orders denying continuances are generally affirmed "unless there is a showing both of arbitrariness and of prejudice to the defendant." *Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 100 (2d Cir. 2001). There is no such showing here, especially because the adversary proceeding in the Bankruptcy Court is still pending. *See Simon v. Sack*, 451 Fed. App'x 14, 18 (2d Cir. 2011) (affirming a district court's denial of a continuance in the *pro se* litigant's summary judgment proceedings because "[t]he continuance ruling did not prejudice Simon because the district court denied Sack's summary judgment motion . . . [n]or was the decision arbitrary" as "Simon had notice").

Accordingly, Mr. Kupersmith's interlocutory appeal of the Bankruptcy Court's denial of his third motion for a continuance is inappropriate, and must be dismissed.

IV. **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**, and Mr. Kupersmith's motion for leave to proceed *in forma pauperis* is **DENIED** as moot.

The Clerk of Court is directed to close the case.

**SO ORDERED** at Bridgeport, Connecticut, this 5th day of February, 2020.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE